UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

U.S. BANK NATIONAL ASSOCIATION,   :   Case No. 1:16-cv-891
:
    Plaintiff,   :   Judge Timothy S. Black
vs.   :

DILLARD'S REALTY
ASSOCIATES, LLC,

    Defendant.

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (Doc. 10)**

This civil action is before the Court on Plaintiff's motion for default judgment. (Doc. 10). Defendant did not respond.

## I.    PROCEDURAL HISTORY

Plaintiff filed a Complaint on September 1, 2016. (Doc. 1). Defendant was served with a copy of the summons and complaint on September 12, 2016. (Doc. 5). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), Defendant was required to file and serve his answer no later than October 3, 2016. To date, no responsive pleading has been filed or served. On November 4, 2016, the Clerk properly entered default. (Doc. 7). Subsequently, Plaintiff filed the instant motion for default judgment. (Doc. 10).

## II.    FACTUAL BACKGROUND

Plaintiff is the successor in assignment to a $6,100,000.00 loan made to nonparty HEG Cincinnati, LLC on or about May 17, 2006. The loan was secured by assigning the original lender a mortgage on real property located at 6920 Glenway Avenue, Cincinnati,

1

Ohio 45211. (Doc. 1-2). The original lender was also provided a security interest in the personal property of HEG Cincinnnati, LLC, along with other items and things as fully described in a properly recorded UCC financing statement that has been entered into the record. (Doc. 1-5, at 5). Defendant assumed the loan on or about December 14, 2007, pursuant to an assumption and release agreement executed by the Defendant, the original borrower, Myron Vogel (assumptor principal), and Bank of America (which was the assigned lender at the time). (Doc. 1-8).

Defendant has defaulted on its obligations under the terms of the loan agreement. The terms of the agreement stipulate that the entire unpaid amount remaining on the loan became due and payable on the loan maturity date of June 11, 2016. (Doc. 10-2, at 2). As of August 1, 2016, $5,225,028.90 of the principal is unpaid and due. (Doc. 10-1, at 2). Adding interest and fees, Defendant's total obligation stood at $5,415,801.63 as of August 1, 2016. (*Id.*). The terms of the agreement set interest on the loan at 6.275% per annum and an additional default interest rate of 5% per annum; accordingly, Defendant's obligation under the agreement is increasing at a rate of $1636.45 per diem ($910.75 per diem based on the standard interest rate and $725.70 per diem based on the default interest rate).

### III.  STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be

proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### IV. ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Plaintiff has incurred $5,415,801.63 in damages under the loan agreement as of August 1, 2016.  (Doc. 10-1, at 2).  Although Plaintiff may be entitled to attorney's fees and litigation fees as a result of Defendant's default, the Court lacks sufficient information to award any such fees at this time.  Plaintiff may make a further motion for additional fees containing proper evidentiary support.

Therefore, as established by the facts set forth in the Complaint, as well as by affidavit, Plaintiff is entitled to damages against the Defendant in the amount of $5,415,801.63, plus interest as established under the agreement.

## V.     CONCLUSION

Accordingly, for these reasons, Plaintiff's motion for default judgment (Doc. 10) is **GRANTED**.  The Clerk shall enter Judgment by default in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure, in favor of Plaintiff, U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3, Commercial Mortgage Pass-Through Certificates ("Plaintiff"), and against Defendant, Dillard's Realty Associates, LLC, as follows:

1) Fixing the amount due under the Note and the Mortgage at $5,415,801.63, with continuing per diem interest at the regular rate thereon in the amount of $910.75 from and after August 1, 2016, and continuing per diem interest thereon at the default rate in the amount of $725.70 per day from and after August 1, 2016, until the Mortgaged Property is sold at foreclosure sale; and

2) Foreclosing all right, title, lien and equity of redemption which said Defendant and all those claiming by, through or under it have or had in the real estate located at 6920 Glenway Avenue, Cincinnati, Ohio 45211, as more fully described in

**Exhibit "A"** hereto (the "Mortgaged Premises"), together with the personalty, fixtures, furniture and other items and things pledged as collateral for the loan (the "Loan") at issue in this action, all as more specifically and fully identified in the Open-End Mortgage, Assignment of Rents and Security Agreement (the "Mortgage") dated as of May 17, 2006, and UCC Financing Statements at issue in this action (collectively, with the Mortgaged Premises, the "Mortgaged Property"), and ordering that the Mortgaged Property be sold at a public foreclosure sale pursuant to 28 U.S.C. § 2001 *et seq.,* by the United States Marshal or a receiver appointed by this Court, on such terms and conditions as shall be advertised.

**IT IS SO ORDERED.**

Date:  February 1, 2017                                                *s/ Timothy S. Black*
                                                                                           Timothy S. Black
                                                                                           United States District Judge