IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CD 2006-CD3, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>v.<br><br>DILLARD'S REALTY ASSOCIATES, LLC,<br><br>Defendant. | No. 1:16-cv-00891- TSB<br><br>Judge Timothy S. Black |

**ORDER OF CONFIRMATION OF SALE AND DISTRIBUTION**

This action is before the Court upon the Motion to Confirm Receiver's Sale (Doc. 39) filed with the Court on February 20, 2019, with respect to the real property located at 6290 Glenway Avenue, Cincinnati, Ohio 45211 (Parcel No. 550-0132 0003) (the "Mortgaged Premises"), as more fully described on **Exhibit A**, hereto, together with the additional property, interests and things, granted by Dillard's Realty Associates, LLC ("Defendant"), as more fully described in the Open-End Mortgage, Assignment of Rents and Security Agreement (the "Mortgage") foreclosed upon in the action, (collectively with the Mortgaged Premises, the "Mortgaged Property");

1. On February 15, 2019, the Mortgaged Property was sold at public foreclosure sale pursuant to 28 U.S.C. Section 2001, et. seq., by NAI Bergman, the Court Appointed Receiver (the "Receiver"), to U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of

1

America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3, Commercial Mortgage Pass-Through Certificates ('Plaintiff') acting by and through C-III Asset Management, LLC, its Special Servicer, for the following amount: a credit bid by Plaintiff against its Judgment, in the credit bid amount of $5,000.00.

2. The Receiver was authorized to sell the Mortgaged Property pursuant to 28 U.S.C. § 2001, et seq., by the March 1, 2017 Order Appointing Receiver entered by the Court (the "Receivership Order").

3. Having examined the proceedings, the Court finds that the sale of the Mortgaged Property conformed in all respects to the law and the Receivership Order of this Court, and hereby confirms and approves the sale of the Mortgaged Property and these proceedings.

4. The Receiver, within 5 days of the date of this entry, shall convey the Mortgaged Property to Plaintiff by deed, bill of sale, and any other conveyance document deemed necessary by the Receiver, free and clear of all liens and encumbrances, and shall issue the deed, bill of sale, and any other such conveyance documents, in the name of the following grantee: U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3, Commercial Mortgage Pass-Through Certificates, or its nominee or assignee, and following which conveyance Plaintiff shall own and hold the Mortgaged Property free of the Receivership Order provided, however, that the Receivership commenced by the Receivership Order shall not terminate until further order of this Court.

5. The tax mailing address of the purchaser of the Mortgaged Property is as follows: U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of America, National

Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of CD 2006-CD3, Commercial Mortgage Pass-Through Certificates, c/o C-III Asset Management, LLC, 5221 N. O'Connor Blvd, Suite 800. Irving, TX 75039, Attention: Special Servicing.

6. The prior deed reference with respect to the Mortgaged Property was recorded with the Hamilton County Recorder's Office on February 1, 2008 in OR Book 10762, Page 1593.

7. Because Plaintiff holds a valid and subsisting mortgage on the Mortgaged Property, it need not pay the full amount of the purchase price to the Receiver. Instead, the full amount of the credit bid of Plaintiff shall be credited against the amount of the judgment previously entered in its favor. The following amount shall be applied as a credit toward the amount of the judgment previously entered in favor of the Plaintiff: $5,000.00, without prejudice, to any rights Plaintiff has in connection with any deficiency or other claims, under the Loan Documents at issue in this action.

**IT IS SO ORDERED.**

*Timothy S. Black*
JUDGE TIMOTHY S. BLACK
UNITED STATES DISTRICT COURT